## SUPREME COURT.

### VERNON P. NOYES agt. JOSIAH H. BURTON and others.

The supreme court can, during the year, recognize a *mechanic's lien* as existing on premises, and can continue the property or keep its proceeds in court subject to the lien, if proper proceedings are taken to enforce it, and may perhaps obtain jurisdiction so far over the subject matter as to order the lien to be discharged by payments, if brought to a close within the year, or if proceedings are still pending for that purpose.

But this court can give no judgment ordering the property to be sold to satisfy the lien, either before·or after the year expires, because such judgment can only be rendered by the common pleas, and the proceeding is not one known to this court or to the common law.

By the statute a mechanic's lien (in the city of New-York) ceases after one year from the time of filing; unless the party filing it, within that time commences proceedings in the court of common pleas to bring it to a close; and the fact of the party, in whose favor the lien is filed, being made a party to a foreclosure suit·of the premises does not release him from instituting such proceedings.

A purchaser of premises in good faith, without notice, and for a valuable consideration, is not bound to take notice of a mechanic's lien filed against a former owner, who conveyed the premises to such purchaser's grantor (whether fraudulently or not) previous to the filing of such lien. He is not bound to notice any lien filed after his grantor's title was recorded.

*New-York Special Term, May,* 1859.

INGRAHAM, Justice.   On a reference to ascertain who was entitled to the surplus, on a sale of mortgaged premises,

VOL. XVII.                  ·29

Bailey, one of the defendants, claimed the amount due him, under the mechanics' lien law, for work done upon the premises sold.

This work was done for Wm. L. Johnson, contractor, with Warren Berrian and Josiah H. Burton, and the notice of lien was filed on September 28, 1857. Berrian never held the title of the property. Burton, in whom the title was, conveyed the premises to Leeds by deed, May 16, 1857, and Leeds conveyed the premises to Ogden, on February 1, 1858, by deed recorded February 19, 1858.

On the hearing before the referee, Bailey offered to prove the facts necessary to sustain a lien against Burton, and a contract with Berrian, made by Burton for sale of premises, and that the conveyance to Leeds was intended to defraud the workmen out of their liens. No offer was made to show that Ogden was cognizant of these facts. It appears to me there are several reasons why Bailey's lien cannot be enforced. First, the lien has expired. By the statute the lien ceases after one year from the time of filing, unless the party filing it within that time commences proceedings in the court of common pleas, to bring it to a close. (*Sess. Laws* 1851, *p.* 954.)

The fact of his being made a party to this action does not release him. The lien still ceases after a year, because he has not done what the statute declares to be necessary to continue the lien in force after that period. During the year this court could recognize the lien as existing, and could continue the property or keep its proceeds in court, subject to the lien, if proper proceedings were taken to enforce it, and might perhaps obtain jurisdiction so far over the subject matter as to order the lien to be discharged by payments, if it were brought to a close within the year, or if proceedings were still pending for that purpose. But they could give no judgment ordering the property to be sold to satisfy the lien, either before or after the year expired, because that judgment can only be rendered by the common pleas, and the proceeding is not one known to this court or to the common law.

Another reason why the defendant Bailey is not entitled to

a share of the surplus is, that neither Berrian nor Burton held the fee at the time of filing the notice of lien. Burton had some months previously sold the property to Leeds, whether fraudulently or not is immaterial, because Ogden had purchased from Leeds innocently for value and without notice of the lien. He had no notice of the filing of the lien in September, because Leeds obtained the title previously, and whether he held it for Burton or not, Ogden, not knowing that fact, was not bound to take notice of any lien filed after Burton's deed was recorded.

Even if Ogden had knowledge of the fraud, the conveyance was good between the parties. The creditors had their remedy in an action for equitable relief, but, if, instead of resorting to that remedy, they neglected their rights and suffered their lien to expire, it is now too late to ask the court to enforce it.

I see no ground upon which Bailey is entitled to relief. The ruling of the referee was right, and the order made by him should be affirmed.