By the Court.—Sedgwick, Ch. J.
I think the learned referee was correct in his construction of the statute.
The statute has, as is usual in such cases, matters that require construction. Section4 declares that “nolien provided for in this act shall be binding upon the property therein described, unless an action be commenced within ninety days from the filing of the same, and a notice of pend-ency of said action be filed with the financial officer óf said city.” This, however, cannot mean that during the ninety days there is no lien or claim, for the next section declares that the lien shall attach from the time of filing the same to the extent of the liability of the contractor for the claim preferred, upon any funds which may be due or to grow due to the contractor from the city.
By section 6 any person who has filed the notice mentioned in the second section not the fourth section, may enforce his claim against the fund. By section 7 the plaintiff must make all parties who have filed claims, the contractor and the city parties defendant and all parties who have filed claims under the act may by answer in each action set forth the same, and the court may decide as to the extent, justice and priority of the claims of all parties.
*158 It seems to be clear that, if judgment were obtained in an action like the present within ninety days from the time the first claim had been filed, there would be no ground for the position that a lienor, a party defendant, who had not begun an action and filed notice of it, was not entitled to judgment in his favor. It would apparently, be absurd that a lienor should be compelled to bring an action and file a notice of lis pendens after judgment in his favor and before ninety days had expired.
The statute is mandatory, as to the court adjudicating upon claims of all parties to the action. It must determine their validity, their amounts, their priority. Of course this must refer to the time of action brought, or of answer served. 0
When the law requires, that the plaintiff must make all parties who have filed claims—not who have begun actions,—defendants, the intention seems to be, that the claims shall at that point of time, became the subject of adjudication. If while action was going on, the claimants should be required to begin an action and file a notice of lis pendens it would be a useless and vain thing, especially in view of the policy of section 10, that provides for the consolidation of all actions brought under the act, as to the same fund.
If when an action is begun, the plaintiff files notice of its pendency making all claimants parties, then the persons for whose benefit a notice of lis pendens may operate, will have the same notice, that there would be if each claimant began an action and filed a notice with the financial officer of the city.
By section 13, a lien may be discharged, “ Second, by lapse cf time, when 90 days have elapsed since the filing of the claim and no action shall have been commenced to enforce the claim.” This evidently refers to such rights as depends upon the mere filing of a claim which constitutes the lien. If ninety days pass and no action is begun to enforce it, it is discharged. But it has no reference to a case, where the claimant’s rights do not rest upon those *159 provisions that contemplate his own affirmative enforcement of the claim, as a plaintiff, but do rest upon those provisions that give him a right, as a defendant to have his claim passed upon and to obtain and enforce a judgment if it be in his favor.
If this last consideration be valid, Noyes v. Burton, 29 B. 631, does not sustain appellants position. That case did not refer to the effect of an adjudication provided by the law, that regulated the mode of enforcing claims filed under it.
If the court is to pass upon the validity of the claims, one of the questions will be, whether the lien has expired by the lapse of ninety days from the time of filing and before action begun without the commencement of an action and the filing notice of its pendency.
Judgmenb affirmed, with costs.
Truax and O’Gorman, JJ., concurred.