JAMES S. WARDEN v. W. H. SABINS, *et al.*

MECHANICS' LIEN; *Preference.*  Under the provisions of article 27, chapter 80, Compiled Laws of 1879, the lien of a mechanic, or materialman, for work done or material furnished, has preference to "all other liens and incumbrances" which may attach to or upon the lands, or buildings, subsequent to the commencement of the building, or the making of the repairs, or the furnishing of the material; and the words of the statute, " all other liens and incumbrances," also embrace conveyances.

*Error from Marshall District Court.*

ON November 16, 1884, *W. H. Sabins* commenced his action in the district court of Marshall county, to enforce a mechanics'

lien, amounting to nineteen dollars and fifty cents, with interest, upon the premises described as lots forty-nine and fifty, in block twenty-five, in the town of Irving in that county. *James S. Warden*, B. Smith, William Murphy jr., and J. Armstrong were named defendants. William Murphy jr. made default, and the other defendants filed answers and cross-petitions. On March 25th, 1885, the following agreed statement of facts, omitting court and title, was filed in the case, with the clerk of the district court:

"It is hereby stipulated and agreed by and between the plaintiff, William H. Sabins, and the defendants, James S. Warden, B. Smith and Joe Armstrong, that the matters herein in controversy be submitted to the court upon the agreed statements of facts, which are all the facts in the case.

"*First,* That all the allegations, statements and averments made and contained in the petition of plaintiff, William H. Sabins, and in the answers and cross-petitions of the defendants, B. Smith and Joe Armstrong are true, and that the said plaintiff and the said defendants, B. Smith and Joe Armstrong, are entitled to judgment as prayed for in the petition of plaintiff and in the answers and cross-petitions of B. Smith and Joe Armstrong, unless defeated by the facts contained in statement No. 2 herein.

*No. 2.* On the 25th day of April, 1884, the defendant, James S. Warden, purchased from William Murphy jr., for the consideration of $300, lots 49 and 50, in block 25, Irving, Kansas, described in the petition of plaintiff, and in the answers and cross-petitions of B. Smith and Joe Armstrong, and on said day received from said Murphy, a deed duly executed, with full covenants of warranty, and which said deed was duly filed for record in the office of the register of deeds of this county, on the 29th day of April, 1884, and was duly recorded in the office of the register of deeds, of said county."

Trial at the March term, 1885; a jury being waived, and the issues being submitted by the parties appearing, to the court, upon the agreed statement of facts. After argument and consideration thereof, the court found generally in favor of the plaintiff, *W. H. Sabins,* and also in favor of B. Smith and Joe Armstrong, and against William Murphy jr. and James S. Warden. Judgment was rendered thereon for W.

H. Sabins against William Murphy jr., for twenty dollars and fifty cents, and in favor of B.. Smith against William Murphy jr., for thirty-one dollars and seventy-five cents, and in favor of J. Armstrong against William Murphy jr., for ninety-five dollars. The court decreed that said judgments were concurrent liens upon the premises described in the petition, and that the parties recovering the judgments were entitled to have their respective liens enforced against said real estate. The court further decreed that the rights and interests of James S. Warden were subject and inferior to the said liens of W. H. Sabins, B. Smith, and J. Armstrong. *James S. Warden* filed his motion for a new trial, which was overruled. He excepted, and brings the case to this court.

*Brownell & Gregg,* and *A. E. Parks,* for plaintiff in error.
*J. A. Broughten,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The mechanics' liens allowed by the trial court were as follows: W. H. Sabins, $20.50, for work and labor performed April 15, 16, and 17, 1884; B. Smith, $31.75, for material furnished from March 22, 1884, to April 16, 1884; and J. Armstrong, $95, for material delivered between February 1, 1884, and April 17, 1884. The first lien was filed May 10, 1884; the second lien, May 13, 1884; and the third lien, May 17, 1884. Warden purchased the premises from William Murphy jr., the owner thereof, April 12, 1884, for the consideration of $300, and received a warranty deed, which was duly filed for record April 29, of that year. Hence the question for our determination is, whether the sale of the premises in good faith by Murphy to Warden, before the mechanics' liens were filed, prevented the acquisition of any lien, where Warden had no actual notice of the amount thereof.

Sec. 630, art. 27, ch. 80, Comp. Laws of 1879, reads as follows:

"Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, his agent or

trustee, or under contract with the husband or wife of such owner, perform labor or furnish material for erecting, altering or repairing any building or the appurtenances of any building, or any erection or improvement, or shall furnish or perform labor in putting up any fixtures or machinery in or attachment to any such building or improvement, or plant or grow any trees, vines and plants or hedge or hedge fence, or shall build a stone fence, or shall perform labor or furnish material for erecting, altering or repairing any fence on any tract or piece of land, shall have a lien upon the whole tract or piece of land, the buildings and appurtenances, in the manner herein provided, for the amount due to him for such labor or material, fixtures or machinery. Such liens shall be preferred to all other liens and incumbrances which may attach to or upon such lands, buildings or improvements, or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, or planting or growing of such trees, vines or plants, or hedge or hedge fence or stone fence, or the making of any such repairs or improvement; and if any promissory note, bearing not exceeding twelve per cent. interest per annum, shall have been taken for any such labor or material, it shall be sufficient to file a copy of such note, with a sworn statement that said note or any part thereof was given for such labor or material used in the construction of any such building or improvement, in the office of the district clerk; and it shall be necessary to file a list of items used, and the lien shall be for the principal and interest aforesaid, as specified in said note."

The section quoted expressly provides that—

"Such liens shall be preferred to all other liens and incumbrances which may attach to or upon such lands, buildings or improvement, or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, . . . or the making of any such repairs or improvement."

Therefore it is clear from the language adopted, that the lien of the contractor or material-man must be preferred to all other liens and incumbrances upon the premises subsequent to the commencement of the building, the making of the repairs, or the furnishing of the material. The time when the lien is to be considered as acquired, depends upon the provisions of

the statute, as independent of the statute no such lien exists. The claims of mechanics and material-men are better protected if the commencement of the work and the furnishing of the material is the period from which the liens should date. The question arises upon the statute, whether a conveyance is included in the words "all other liens and incumbrances." The word incumbrance is a broader term than lien, and yet, when the statute of Indiana only provided that "the liens created shall relate to the time when the persons furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter," etc., the supreme court of that state decided the lien of the mechanic related to the time when the work was commenced, or the materials began to be furnished, as to "subsequent conveyances" as well as to other liens. (*Fleming v. Bumgarner*, 29 Ind. 424.) The same question was before the Indiana court in *Kellenberger v. Boyer*, 37 Ind. 188. The court followed the decision in *Fleming v. Bumgarner*, and said the construction given to the statute in that case did not extend the operation of the act beyond its evident spirit and the legislative intention.

An incumbrancer is one who has a legal claim upon an estate, and the purchaser of premises under a conveyance is the holder of the legal estate. An absolute conveyance is an incumbrance in the fullest sense of that term. We do not think, therefore, that the preference given to the lien of the contractor or material-man, which operates "over all other liens and incumbrances," is confined solely to subsequent liens or mortgages, but also embraces "conveyances." In adopting this rule, no injustice is done to the purchaser, as the work itself, or the material furnished, is notice to all of the mechanics' or material-men's claims. (Phillips on Mechanics' Liens, 2d. ed., 380, § 227; *Austin v. Wohler*, 5 Bradw. 300; *Gault v. Deming*, 3 Phila. 337; *Hahn's Appeal*, 39 Pa. St. 409.)

The cases cited from New York by counsel for defendant below are not applicable, as the statute in that case makes the filing of the notice of the mechanics' lien the time when the

lien is to commence.    In this state the statute is different.
(*Noyes v. Burton,* 17 How. Pr. 449; same case, 29 Barb. 631.)

The judgment of the district court will be affirmed.

All the Justices concurring.