### PINKERTON v. LE BEAU *et al.*

1. The mechanic's lien law of this state should be liberally construed in favor of the mechanic and material man. The rule of the common law, that statutes in derogation thereof should be strictly construed, has no application to the Code of this state, the rule having been abrogated by statute.

2. As a general rule a person in possession of land under a contract to purchase the same cannot, to the prejudice of the legal owner, subject either the land, or buildings erected by him thereon, to a mechanic's lien; but by the mechanic's lien law of this state the general rule has been changed as to the buildings erected on the land, but not as to the land itself.

3. A stipulation in a contract for the sale of land, that it was understood between the parties that the vendee should erect a building upon the land, does not, of itself, constitute the vendee the agent of the vendor, within the meaning of the mechanic's lien law, nor authorize the vendee to subject the land of the vendor to a lien for material furnished for a building contracted for by such vendee.

4. A party in possession of land under a contract to purchase the same has authority to contract for the erection of buildings or improvements thereon, and to subject such buildings or improvements to the lien of the party furnishing material therefor or performing labor thereon,

which buildings or improvements may be sold separately from the land, and removed therefrom by the purchaser, although the vendee may subsequently abandon said premises, and forfeit all his rights under the contract to purchase.

(Syllabus by the Court.    Opinion filed Jan. 25, 1893.)

Appeal from circuit court, Pennington county.    Hon. JOHN W. NOWLIN, Judge.

Action by Wallace W. Pinkerton against Kelly Le Beau and James Haft to foreclose a lien for materials furnished under the mechanic's lien law.    Judgment was rendered in favor of plaintiff against both defendants, and defendant Haft appeals.    Reversed.

The facts are stated in the opinion.

*Charles W. Brown* and *Wm. Gardner*, for appellant James Haft.

Only the actual parties to the contract for furnishing the work and materials can maintain a mechanic's lien.    Comp. Laws, § 5469; 2 Jones, Liens, § 1393; Phil. Mech. Liens, § 392; Dye v. Forbes, 34 Minn. 13; German v. Schlath, 59 Iowa, 316; Henry v. Mahone, 23 Mo. App. 83.    The inchoate right of lien under our statute is a personal right and is not assignable.    2 Jones, Liens, § 1494; Phil. Mech. Liens, § 54; Brown v. Smith, 55 Iowa, 32; Laugan v. Sankey, 55 *Id.* 52; Merchant v. Ottumwa, 54 *Id.* 751; Rollin v. Cross, 45 N. Y. 767; Caldwell v. Larrimier, 10 Wis. 332; Roberts v. Fowler, 4 Abb. Pr. 263.    The claim of lien should cover the statutory words of their substance and should strictly follow the substantial requirements of the statute.    Jones, Mech. Liens, § 1404; Phil. Mech. Liens, § 357; Davis v. Livingstone, 29 Cal. 283; Noll v. Swineford, 6 Pa. St. 187; McGlaughlin v. Beeden, 41 Minn. 408; Kelly v. Houlihan, 32 Minn. 486; Anderson v. Knudson, 33 Minn. 172; Goss v. Strelitz, 54 Cal. 640.    The omission of any of the particulars required by the statute to be stated is fatal to the claim of lien; such a defect cannot be amended.    2 Jones, Liens, § 1390; Hicks v. Murray, 43 Cal. 515; Matter v. Falcon, 18 Nev. 209; Beals v. Congregation, 1 E. D. Smith, 654; Bevtheolet v. Parker, 43 Wis. 551.

Under the statute it is necessary to state truly the name of the owner of the premises against which the lien is filed.    Kelly

v. Laws, 109 Mass. 396; Amidon v. Benjamin, 128 Mass. 534; Phelps v. M. Company, 49 Cal. 337; Hooper v. Flood, 54 Cal. 221; Frazer v. Barlow, 63 Cal. 71; Malone v. Big Flat, 76 Cal. 549; Rugg v. Hoover, 28 Minn. 404; Morrison v. Phillippe, 35 Minn. 192; McElwee v. Sanford, 53 How. Pr. 89; Hayes v. Tryon, 2 Milce, 208; Mayers v. Ruffuers, 8 W. Va. 384.

Findings of fact and conclusions of law foreign to the issues made by the pleadings are nugatory and of no effect.   Sterling v. Hanson, 1 Cal. 479; McComb v. Reed, 28 Cal. 282; Gregory v. Nelson, 41 Cal. 279; Morenhout v. Barron, 42 Cal. 591; Marks v. Sayward, 50 Cal. 57; McDonald v. Association, 51 Cal. 211; De Voe v. De Voe, *Id.* 543; Morenhaut v. Wilson, 52 Cal. 268; Green v. Chandler, 54 Cal. 626; Lang v. Specht, 62 Cal. 147; Rosencranz v. Wagner, 62 Cal. 151.

A person in possession of land under a verbal or written contract to purchase cannot, to the prejudice of the legal owner, subject to a mechanic's lien either the building or the land.   2 Jones, Liens, § 1245; Phillips, Liens, § 70; Thaxter v. Williams, 14 Pick. 49; Stevens v. Lincoln, 114 Mass. 476; Hickox v. Greenwood, 94 Ill. 266; Proctor v. Taws, 115 Ill. 138; McCarl v. Carter, 49 Ill. 53; Judson v. Stevens, 75 Ill. 255; Dutro v. Wilson, 4 Ohio St. 111; Chateau v. Thompson, 2 Ohio St. 123; Lyon v. McGuffey, 4 Pa. St. 126; Scales v. Griffin, 2 Doug. 54; Wager v. Briscoe, 38 Mich. 587; Weaver v. Shuler, 12 Atl. 558; Rollin v. Cross, 45 N. Y. 766; Wilkins v. Litchfield, 69 Iowa, 465; Dierks v. Walrod, 66 Iowa, 354; Johnson v. Dewey, 36 Cal. 623; McGreary v. Osborn, 9 Cal. 121; Guy v. Carriere, 5 Cal. 511; Laner v. Bandon, 43 Wis. 556; Liesnion v. Lovely, 45 Wis. 420; People v. Spears, 115 Ind. 297.

A mechanic's lien, entered against an equitable estate, survives or perishes with it.   Campbell & Ph. App., 36 Pa. St. 247; Forrester v. Hanaway, 82 Pa. St. 224.   No lien attaches to a building except as it attaches to the land on which the building is located; the building is a part of the realty and is subject to the lien only as an incident of the freehold.   2 Jones, Liens, § 1384; Phil. Mech. Liens, § 186; Wash. Real Prop. 6; McLaughlin v. Nash, 14 Allen, 138.

*A. E. Wallace,* for respondent.

An appellate court will not review any errors on appeal except those appearing on the face of the judgment roll, unless they have been brought to the attention of the trial court by motion for new trial. State v. Hurlstone, 5 S. W. 38; section 5094, Comp. Laws; Sierra v. Dona Ana, 21 Pac. 83; Crutts v. Wray, 27 N. W. 634; Wyoming v. Holliday, 24 Pac. 193; Sutherland v. Putnam, *Id.* 320; Railroad v. Osborne, 21 Pac. 421; Klatz v. Perteet, 13 S. W. 955; Brown v. Brown, 2 S. E. 808; Alexander v. Humber, 6 S. W. 453; Fairfield v. Dawson, 17 Pac. 804; Barker v. Todd, 34 N. W. 895; Golden v. Smith, 2 Dak. 457; Bush v. Railroad,.3 Dak. 449.

Our mechanic's lien statute is remedial, and should be favorably construed. Donaldson v. Wood, 22 Wend. 401; Bangs v. Berg, 48 N. W. 90; Rico v. Musgrave, 23 Pac. 458; Tenney v. Sly, 14 S. W. 1091; Flagstaff v. Cullins, 104 U. S. 176; Daws v. Alford, 94 U. S. 545; Montanden v. Deas, 14 Ala. 33; Keel v. Carll, 51 Conn. 440; Bradish v. James, 83 Mo. 313; White v. Russell, 22 Neb. 126; Edwards v. Derrickson, 28 N. J. L. 39.

Where a vendee agrees, as part of the purchase price, to erect a building on the premises, a mechanic's lien for materials furnished will hold the premises. Henderson v. Connolly, 14 N. E. 1; Hill v. Gill, 42 N. W. 295; Paulsen v. Manske, 18 N. E. 275; Heath v. Salles, 73 Wis. 217; Helweg v. Blumenberg, 7 N. Y. 746. It is unnecessary that the name of the owner of the land should appear in the claim of lien. Section 5476, Comp. Laws; Kidd v. Wilson, 23 Iowa, 464; Wiley v. Covert, 27 N. E. 173.

CORSON, J. This was an action to foreclose a lien for material furnished under the mechanic's lien law of this state. Judgment was rendered in favor of the plaintiff against both defendants, and the defendant Haft appeals. The complaint is in the usual form. The defendant Haft answered, denying all the allegations of the complaint except the transfer of the claim to the plaintiff, and set up affirmatively that he was the owner of the premises upon which the lien was sought to be foreclosed. The case was tried by a referee, who found the facts and stated his conclusions of law thereon. The facts found, material to the determination of this appeal, are as follows: That on March 8, 1887, the defendant James Haft was the owner of the land on which the

lien was claimed; that on or about said date (March 8, 1887) the defendant James Haft entered into a contract with the defendant Kelly Le Beau whereby it was agreed that said Haft should sell to said Le Beau said property for the sum of $1,300, payable $650 on March 15, 1888, and $650 on March 15, 1889, with interest at 12 per cent. thereon, payable semi-annually; that it was further understood between said Haft and Le Beau that the latter should put a building, to wit, an opera house, upon said land.    The referee further finds that in pursuance of said understanding or parol agreement the defendant Kelly Le Beau went into possession of the property above described, and began the erection of an opera house thereon, and caused a large amount of work to be done thereon; that the foundation of said building was laid, and the frame put up, and rough siding and roof were put on; that then said Le Beau abandoned the work and did nothing more; that said defendant Kelly Le Beau never made any payment to said Haft, but dropped the work and left the state; that said lumber so furnished was used by said Le Beau in the construction of said opera house; that there was never any contract between plaintiff and the defendant James Haft for any lumber or materials for said building, and said Haft never agreed to pay for the same.    From the findings of fact the referee concluded, as matter of law, that the plaintiff was not entitled to a lien, and that the defendant Haft was entitled to a judgment for costs.    On filing the referee's report, with his findings of fact and conclusions of law, the defendant Haft moved the court for judgment, which motion the court denied.    Thereupon the plaintiff moved the court to review the report of the referee, modify and change the conclusions of law of said referee, and to enter judgment for plaintiff.    This motion was granted, and the court thereupon substituted its conclusions of law for those of the referee, which are as follows: "That the legal title of the property described in finding of fact No. 1 was on the 8th day of March, 1887, and still is, in the defendant James Haft, and that the defendant Kelly Le Beau, during the month of June, A. D. 1887, was an agent of the said James Haft in building a certain opera house on said premises.    That the defendant Kelly Le

Beau purchased of the plaintiff herein the materials described in finding No. 7 for use in building said opera house, in pursuance of the purposes of his said agency, and that plaintiff's lien, when filed, attached to said opera house, and the premises upon which it was being built, and still is a valid, subsisting lien thereon." Judgment was thereafter rendered in favor of the plaintiff and against both defendants, decreeing a sale of the premises to satisfy plaintiff's lien, in the usual form.

Numerous errors are assigned and set out at length in the abstract, but the learned counsel for the defendant Haft have condensed them in their brief into three propositions, only two of which will be considered, as the second was abandoned on the argument. "(1) It appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action. * * * (3) The court's conclusions of law, and the judgment, are unsupported by, and are contrary to, the findings of fact, and are contrary to law."

The objection that the complaint does not state facts sufficient to constitute a cause of action is not made to the complaint proper, but to the account filed, a copy of which is annexed to the complaint as an exhibit, and made a part thereof. The counsel for appellant contend that it appears from the account filed that the firm of W. W. Pinkerton & Co. were the parties entitled to the lien, and not the plaintiff individually, by whom the lien was filed, and that it is not stated therein that the claim was assigned by said firm to the plaintiff. This objection assumes that the lien was filed by the plaintiff. It is, however, alleged in the complaint that the account was filed by W. W. Pinkerton & Co., that the contract for the material was made by that firm, and that the material was furnished by that firm. Substantially the same facts are stated in the account filed, as appears from the copy annexed to the complaint as an exhibit. The concluding statement, therefore, in the account filed, that "the affiant claims a lien on said premises," should, we think, be construed with reference to the other statements in the account, and understood as claiming a lien for the firm of which affiant was a member. The plaintiff has stated no facts in the account filed which would entitle him to a

lien individually, nor has he stated such facts in his complaint; and hence the statement that he claimed the lien should either be disregarded, or held to be a lien for the firm.

Other objections are made to the exhibit, but, as they go mainly to the form of certain statements therein, as not being sufficiently specific, they are, in our opinion, without merit. The mechanic's lien law does not prescribe any particular form in which the account to be filed shall be made out, but simply provides that "a just and true account of the demand due, * * * after allowing all credits, and containing a correct description of the property to be charged with said lien, and verified by affidavit," shall be filed. Section 5476, Comp. Laws. When, therefore, an account filed states substantially the facts required to be stated by the statute, and is duly verified, we think it should be held sufficient. The mechanic's lien law was designed for the protection of a meritorious class of persons, whose material or labor has contributed to create and bring into existence the buildings or improvements upon which the lien is claimed, or has enhanced the value of the property into which such material or labor has entered, and should therefore receive a liberal construction, to effect, as far as possible, consistent with the rules of law and the rights of property owners, the object intended. Mining Co. v. Cullins, 104 U. S. 176; Davis v. Alvord, 94 U. S. 545. The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application, under the Code of this state, as the rule has been abrogated by statute. Section 4763, Comp. Laws.

2. Counsel for appellants further contend that the conclusions of law stated by the court, and the judgment, are unsupported by, and are contrary to, the findings of the referee, and are contrary to law. In this contention we think the counsel are correct. The only finding of fact upon which the learned court below could have based its conclusion of law that Le Beau was acting as the agent of Haft in contracting for the material, and upon which the property of Haft could have been subjected to the lien of the plaintiff for the value of the material furnished Le Beau, is "that it was further understood between said Haft and Le Beau that

the latter should put a building, to wit, an opera house, upon said land." It will be noticed that by the findings the legal title to the land on which the building was erected was in the defendant Haft, and that Haft had contracted to sell it to Le Beau upon the payment of $1,300,—one half payable in one year, and one half in two years, no money being paid at time of sale. The court was not, we think, justified in finding from this stipulation that Haft actually intended to make Le Beau his agent in the erection of the opera house, or intended to confer upon him the authority to charge Haft's property with the cost of material and labor that might be contracted for by Le Beau in the construction of said building. There is no question of estoppel in the case, as it is not found that Haft did any act or made any declaration calculated to mislead the material men, or induce them to furnish the material, other than the stipulation referred to. The question, therefore, presented, is, will the making of a stipulation by a vendee, in a contract of purchase, to erect a building upon the premises contracted for, constitute the vendee the agent of the vendor to make contracts for material and labor that will subject the title of the vendor to a lien for such material and labor, under the mechanic's lien law of this state? The general rule is that a person in possession of land under a contract to purchase the same cannot, to the prejudice of the legal owner, subject to a mechanic's lien either the building or the land of such owner. Hickox v. Greenwood, 94 Ill. 266; Proctor v. Tows, 115 Ill. 138, 3 N. E. Rep. 569; Stevens v. Lincoln, 114 Mass. 476; Dutro v. Wilson, 4 Ohio St. 111; Wagar v. Briscoe, 38 Mich. 587; Lauer v. Bandow, 43 Wis. 556. But by the mechanic's lien law of this state the general rule has been changed, so far as the buildings, erections, and improvements upon the land are concerned. Upon these the mechanic and material man are given a lien in certain cases, when no beneficial lien upon the land itself can be acquired; and such buildings, erections, or improvements may be sold separately, and removed from the land. But the statute has made no change in the general rule, as applied to the land itself. To subject the vendor's interest in the land to a lien under a contract for material or labor, made by the vendee, it must clearly appear that such vendee

is the agent of the vendor, authorized by such vendor to bind his interest in the land for the payment of the debt. He must be an actual, as contradistinguished from a constructive, agent.

The findings in this case are not, in our opinion, sufficient to warrant a court in concluding that Le Beau was in fact authorized to contract for material as the agent of Haft, and as such agent to subject the land of Haft to the lien. The fact that it was understood between Le Beau and Haft that Le Beau was to erect an opera house upon the land which he had contracted to purchase, and of which he was in the possession under such contract, would not seem to us to constitute Le Beau the agent of Haft, within the spirit and intent of the statute, which provides that for material furnished or labor performed under a contract with the "owner, his agent," etc., the person performing such labor or furnishing such material shall have a lien upon the land, buildings, and improvements. Section 5469, Comp. Laws. The mechanic's lien law has clearly defined when the interest in the land may be sold, and when the buildings, erections, and improvements may be sold separately and removed. Section 5479 provides "that the entire land, * * * to the extent of all the right, title, and interest owned therein by the owner thereof, for whose immediate use and benefit such labor was done or things furnished," may be sold, etc.; and by the same section it is provided that the forfeiture of a lease shall not forfeit or impair such lien, so far as it concerns such buildings, erections, or improvements, but the same may be sold and removed by the purchaser within 30 days. By section 5480 it is provided that "the lien for the things aforesaid or work shall attach to the buildings, erections, or improvements for which they were furnished or done, in preference to any prior lien or incumbrance or mortgage upon the land upon which the same is erected or put," and the same may be sold and removed by the purchaser within a reasonable time. "Incumbrance" is here evidently used in its enlarged sense, if of legal title to the land. Warden v. Sabins, 36 Kan. 165, 12 Pac. Rep. 520.

It cannot be said, we think, that the building in this case was erected for the immediate use and benefit of Haft, as he was not in possession, and had contracted for its sale to Le Beau. Le

Beau, however, was the party who had contracted for the material, was in possession, and was the owner, for whose immediate use and benefit the building was erected. He had contracted to purchase the property, and the reasonable presumption is that he intended, at the time he contracted for the material, to complete the purchase. At the time Le Beau contracted for the material for the building, he had an equitable title to the land, and Haft had an equitable mortgage upon the property, and held the legal title as security for its payment; and, had proceedings to foreclose the lien been taken and concluded before the first payment on the contract of sale had become due, not only the building, but all his equitable title, could have been sold under the decree. But it seems to be conceded by the counsel for both parties that upon the failure of Le Beau to make the first payment in March, 1888, the contract between Haft and Le Beau was terminated, and that, therefore, Le Beau had no interest in the land that was the subject of a lien. Assuming that this is a correct construction of the contract of sale found by the referee in this case, yet Le Beau had an equitable interest in the property at the time he made the contract for the material upon which the lien of the material men attached; and, although the lien of the material men upon the land might cease when Le Beau's interest in the contract ceased, their lien upon the building remained, as Le Beau was not a trespasser, but had authority under his contract of sale to erect the building, and subject the building itself to the lien, in preference to any other lien or claim. Section 5480 of the mechanic's lien law if this state is a copy of a section of the Iowa Code, which had received a construction by the supreme court of that state, prior to its adoption by the legislature of the late territory of Dakota, in Stockwell v. Carpenter, 27 Iowa, 119. The action in that case was one to enforce a lien, for material furnished for certain improvements erected by a vendee under a contract of sale, upon the buildings and land. Judge DILLON, delivering the opinion of the court, says: "As to the land, the priority of the lien of the vendor is not disturbed; * * * but as respects the buildings, erections, and improvements for which the material were furnished, or the work done, the statute is express that the lien of the mechanic shall

29—S. D.

attach thereto in preference to any prior lien on the land, and that such lien may be enforced, and the building or other erections sold and removed." It is true that in that case there was no stipulation that the vendee should erect any building upon the land; but, in our view of the case at bar, that stipulation does not change the legal principles governing the case. The legislature having provided a remedy for the material men and mechanics, when the material is furnished or work done for a person who has no legal title to the property, by giving such material men or mechanics a lien upon such buildings or other erections, and authorizing a sale of the buildings or other erections, and a removal of the same by the purchaser, this remedy must be deemed exclusive of any other proceedings, as against the property.

The counsel for appellant contend that the provisions contained in section 5480 apply only to tenants and leasehold interests, but we cannot agree with counsel in this contention. Tenants' interests, as we have seen, are provided for in the preceding section. We are of the opinion that section 5480 applies to all cases when the lien claimant can acquire no beneficial interest in the land by reason of the legal title to the land not being chargeable with the lien, or there is a prior lien or mortgage that would prevent such lien claimant acquiring a beneficial interest in the land itself. The same argument was presented to the supreme court of Iowa in the case above cited, but the court disposed of the question by saying: "We do not concur with the appellant's counsel that section 1853 (of which our section 5480 is a copy) has sole reference to the case of buildings and improvements made by tenants, as specified in the preceding section." We have not overlooked the cases cited by respondent of Henderson v. Connelly, 123 Ill. 98, 14 N. E. Rep. 1, and Hill v. Gill, (Minn.) 42 N. W. Rep. 295. But, without questioning the correctness of these decisions in the states where they were made, we are of the opinion that under the mechanic's lien law of this state the doctrine of those cases is not applicable here. The law of this state having provided for a lien upon the buildings or improvements, and for a sale of them separately from the land, when such lienor can acquire no valid lien to the land, it must be held to give such lienor a lien upon the improvements only, and precludes him from acquiring any lien upon the land itself.

We think, under the facts found in this case, the material men were required to exercise reasonable care to ascertain who had the legal title to the property, and the nature of the interest of the party in the property, with whom they contracted. One of the principal objects of the recording acts is to enable all parties to ascertain, when dealing with persons in possession of land, whether or not such person is the owner, and, if not the owner, what interest he has, if any, in the property upon which the improvements are to be made. Our conclusions are, therefore, that the court's conclusions of law were not warranted by the findings of fact, and that the judgment is not supported by such findings, and should be reversed. It is possible that this court would be justified in modifying the judgment by conforming it to the views herein expressed, but as the case was tried by the plaintiff upon the theory that plaintiff was entitled, not only to a lien upon the building, but upon the land, also, and by the defendant upon the theory that plaintiff had no lien upon either the building or the land, we deem it proper to reverse the judgment, and order a new trial, as to defendant James Haft, and it is so ordered. All the judges concur.