(27 Misc. Rep. 448.)

READING HARDWARE CO v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County.   May, 1899.)

MECHANIC'S LIEN—SCHOOL HOUSE—ASSIGNMENT FOR BENEFIT OF CREDITORS.
  One who furnishes materials to a subcontractor, which are used in the
  construction of a public school house, has a lien that takes precedence over
  the claims of creditors for whose benefit the subcontractor has made a
  general assignment, under Laws 1897, c. 418, § 13, providing that a lien
  for materials furnished for the improvement of real property shall have
  priority over the claim of a creditor who has not furnished material there-
  for, if such property is assigned for the benefit of creditors within 30 days
  before the filing of notice of lien.

Action by the Reading Hardware Company against the city of New York and others to foreclose a mechanic's lien.   Patrick Gallagher contracted with the city of New York, through the board of education, to erect a school house in said city, and sublet part of the work to Margaret McCarthy, to whom plaintiff furnished materials. On May 6, 1898, Margaret McCarthy made a general assignment for the benefit of her creditors to Alfred Bienhauer, and on May 24, 1898, plaintiff filed his notice of lien.   Judgment for plaintiff.

L. E. Warren and James F. O'Bierne, for plaintiff.
John H. O'Brien, for defendant city of New York.
James C. Lenney, for defendants McCarthy and Bienhauer.

WERNER, J.   The defendant McCarthy, as the assignor, and the defendant Bienhauer, as the assignee, under a general assignment for the benefit of creditors, made before the filing of plaintiff's lien, contest the validity of the latter upon the theory that the assignment takes precedence over the lien.   It is claimed by these defendants that the absence of any provision in the mechanic's lien law protecting a lien filed on account of and against a public improvement brings this case within the rule laid down in Noyes v. Burton, 29 Barb. 631; Quimby v. Sloan, 2 Abb. Prac. 93; and Jackson v. Sloan, Id. 104. The rule referred to in these cases is that, "when an owner is insolvent and makes an assignment for the benefit of creditors, such assignee takes the property free from the lien, unless the notice of lien was filed prior to the assignment."   This rule is modified by section 13, c. 418, Laws 1897, which provides:

"A lien for materials furnished or labor performed in the improvement of real property shall have priority * * * over the claim of a creditor who has not furnished materials or performed labor upon such property, if such property has been assigned by the owner by a general assignment for the benefit of creditors, within thirty days before the filing of such notice."

It is contended that this modification does not embrace liens filed on account of public improvements, and that the plaintiff's lien is therefore secondary to the general assignment.   We do not concur in this view.   The rule which these defendants seek to invoke seems to us to have no application to the case at bar.   This is not the case of a general assignment made by the owner of the property against which a mechanic's lien is filed.   Here the general assignment is made by a subcontractor who has no interest in the property, and to whom

the plaintiff lienor sustains the relation of material man. This case is analogous to Smith v. Baily, 8 Daly, 128; McMurray v. Hutcheson, 10 Daly, 64; and In re Christie Mfg. Co. (Sup.) 36 N. Y. Supp. 923. In the latter case the distinction between the position contended for by the defendants herein, and the one which they actually occupy, is very briefly and forcibly pointed out as follows:

"The owner of the property, upon the filing of a lien by a subcontractor, becomes responsible for the payment of the claim, although there is no privity of contract between him and the claimant, with the single limitation that such liability shall not extend beyond the amount then due from him to the person with whom he has directly contracted. Of course, this necessarily involves the right of the owner, upon paying any such lien, to charge his contractor with the amount thereof, and to deduct it from the contract price, as a payment made on account thereof. It is plain that the right of the owner to any such credit cannot be defeated by any transfer of the debt either made by the principal contractor, or effected by operation of law, in proceedings instituted against him. If a foreclosure of the lien should be instituted, on what theory could the owner successfully defend on the ground that the corporation which contracted with him for the performance of the work had passed into the hands of a receiver? Does he not still owe the same amount of money on the same contract, and has not the statute thereupon subjected his property to the lien of the subcontractor pro tanto? He could, of course, show, if it were the fact, that the subcontractor had been paid, or that he had no claim against the principal contractor; but no such claim is presented here. The debt is still due to the subcontractor. It is the means of payment on the part of the principal debtor that is wanting, and this certainly is no defense."

This reasoning is entirely decisive of the contest before us. In that case, as in this, the lien is asserted, not against the property of an insolvent in the hands of an assignee, but against the property of another, with whom the insolvent has contracted. The plaintiff is entitled to judgment in accordance with the decision filed herein.

Judgment for plaintiff.