In re SIMONDS FURNACE CO.

(Supreme Court, Special Term, Greene County. November, 1899.)

1. FOREIGN CORPORATIONS—CONTRACTS IN VIOLATION OF GENERAL CORPORATION LAW.

A contract by a Pennsylvania corporation, made in Pennsylvania, by which certain goods were to be delivered in New York City, is not in violation of the provisions of sections 15 and 16 of the general corporation law, prohibiting foreign corporations from transacting business in this state until they comply with the provisions of such sections.

2. MECHANICS' LIENS—FILING BY NONRESIDENTS.

A nonresident has a right to file a lien, when the material furnished was actually used in the construction of a building in New York, under the mechanic's lien law, declaring that "any person may have a lien who shall have furnished any materials which have been used in the erection of any building within any of the cities or counties of the state."

3. SAME.

A provision in an order appointing a receiver of a corporation enjoining all persons, and especially creditors of such corporation, from bringing any action against said corporation for the recovery of money, does not prohibit the filing of a lien by one of its creditors upon the property of a third party to whom such corporation supplied material which it had bought from such creditor, but for which it had failed to pay.

In the matter of the application of a majority of the directors of the Simonds Furnace Company for a voluntary dissolution. Application by the receiver for an order to discharge a mechanic's lien filed by the Bovaird & Seyfang Manufacturing Company against the property of P. H. Lynch. Denied.

The Simonds Furnace Company is a domestic corporation. A majority of the directors of the Simonds Furnace Company, by petition in the usual form in proceedings for a voluntary dissolution of a corporation, obtained an order from the supreme court on the 6th day of October, 1899, directing that all persons interested in the said corporation show cause at a special term of the supreme court on the 13th day of January, 1900, why the said corporation should not be dissolved. By the said order Lewis W. Raymond was appointed tempo-

rary receiver, and the said order further provided "that all persons, and especially creditors of said corporation, be, and each and every one · of them is hereby, enjoined and restrained from bringing any action against said corporation for the recovery of a sum of money, and from taking any further proceedings whatsoever in any such action heretofore commenced." The Bovaird & Seyfang Manufacturing Company is a corporation organized under the laws of the state of Pennsylvania, having its office at Bradford, Pa. A copy of said order was served upon Walter S. Pendleton, an agent of the Bovaird & Seyfang Manufacturing Company, in New York City, on the 11th day of October, 1899. The said Bovaird & Seyfang Manufacturing Company has not complied with sections 15 and 16 of the general corporation law of this state. In September, 1899, the said Bovaird & Seyfang Manufacturing Company sold to the said Simonds Furnace Company a boiler and castings, of the value of $387, which boiler and castings were to be, and were, used in the property of one· P. H. Lynch, situated at the northwest corner of 141st street and Hamilton place, New York City. On the 16th day of October, 1899, the said Bovaird & Seyfang Manufacturing Company filed in the office of the clerk of the county of New York a notice of lien against the said P. H. Lynch, owner, and his said property, for the said amount of $387. This is an application on behalf of the temporary receiver of the Simonds Furnace Company for an order vacating, canceling, and discharging the said notice of lien; also, to punish the said Bovaird & Seyfang Manufacturing Company and said Walter S. Pendleton for contempt of court and disobedience of said order.

H. O. Ingalls, for receiver.

Luke Vincent Lockwood, for Bovaird & Seyfang Mfg. Co. and Walter S. Pendleton.

CHASE, J. The contract of the Bovaird & Seyfang Manufacturing Company to furnish the Simonds Furnace Company with a boiler and castings was made at Bradford, Pa. By the contract, the goods were to be delivered in New York City, to be included in, and made a part of, the building of said Lynch. This transaction was not a violation of the provisions of sections 15 and 16 of the general corporation law, which prohibit foreign stock corporations transacting business in this state until they comply with the provisions of said sections. Nonresidence is not a bar to the right to file a lien under the mechanic's lien law of this state, where the material is actually delivered in this state, and used in the construction of the building against which the lien is filed. Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410. The proceeding for a voluntary dissolution of a corporation is purely statutory, and the restraining power of the court is such as is given by the Code of Civil Procedure, § 2423. In re Binghamton General Electric Co., 143 N. Y. 261, 38 N. E. 297.

The mechanic's lien in this case was not filed against the Simonds Furnace Company, and it is not necessary on this motion to determine whether a lien could be filed against the corporation. The lien is against P. H. Lynch, owner, and his property as described in the lien, only. The filing of such a lien is not prohibited by the order. Reading Hardware Co. v. City of New York, 27 Misc. Rep. 448, 59 N. Y. Supp. 253.

Motion denied.