None of the exceptions present reversible error.

Judgment and order appealed from affirmed, with costs and disbursements.

FITZSIMONS, Ch. J., concurs.

Judgment and order affirmed, with costs.

---

Matter of the Application of a Majority of the Directors of the SIMONDS FURNACE Co., for a Voluntary Dissolution.

(Supreme Court, Greene Special Term, January, 1900.)

1. Corporation, foreign — Although not authorized to do business here, it may file a mechanic's lien.

    A foreign corporation, not authorized to transact business in the State of New York, may file a mechanic's lien against the owner of a house in this State in whose construction its goods have been used, where it appears that the goods were delivered by it, within the State, to a domestic corporation, which in turn furnished them to the owner.

2. Same — Effect, on lien, of injunction in dissolution proceedings.

    The fact that, when the lien was filed, the domestic corporation was in the hands of a receiver appointed in dissolution proceedings, and that he had served the resident agent of the foreign corporation with the usual order restraining all persons and creditors from

14

bringing any action against the domestic corporation to recover a sum of money, does not make the foreign corporation guilty of a contempt in filing the lien, as such an order does not prohibit the filing of such a lien.

THE Simonds Furnace Company is a domestic corporation. A majority of the directors of the Simonds Furnace Company by petition in the usual form in proceedings for a voluntary dissolution of a corporation, obtained an order from the Supreme Court on the 6th day of October, 1899, directing that all persons interested in the said corporation show cause at a Special Term of the Supreme Court on the 13th day of January, 1900, why the said corporation should not be dissolved. By the said order Lewis W. Raymond was appointed temporary receiver, and the said order further provided: "That all persons and especially creditors of said corporation be and each and every one of them is hereby enjoined and restrained from bringing any action against said corporation for the recovery of a sum of money and from taking any further proceedings whatsoever in any such action heretofore commenced."

The Boviard & Seyfang Manufacturing Company is a corporation organized under the laws of the State of Pennsylvania, having its office at Bradford, Pa. A copy of said order was served upon Walter S. Pendleton, an agent of the Boviard & Seyfang Manufacturing Company in New York city, on the 11th day of October, 1899. The said Bovaird & Seyfang Manufacturing Company have not complied with sections 15 and 16 of the General Corporation Law of this State. In September, 1899, the said Boviard & Seyfang Manufacturing Company sold to the said Simonds Furnace Company a boiler and castings of the value of $387, which boiler and castings were to be and were used in the property of one P. H. Lynch situated at the northwest corner of One Hundred and Forty-first street and Hamilton place, New York city. On the 16th day of October, 1899, the said Boviard & Seyfang Manufacturing Company filed in the office of the clerk of the county of New York a notice of lien against the said P. H. Lynch owner, and his said property for the said amount of $387. This is an application on behalf of the temporary receiver of the Simonds Furnace Company for an order vacating, cancelling and discharging the said notice of lien, also to punish

the said Boviard & Seyfang Manufacturing Company and said Walter S. Pendleton for contempt of court and disobedience of said order.

H. O. Ingalls, for receiver.

Luke Vincent Lockwood, for Boviard & Seyfang Manufacturing Company and Walter S. Pendleton.

CHASE, J.   The contract of the Boviard & Seyfang Manufacturing Company to furnish the Simonds Furnace Company with a boiler and castings was made at Bradford, Pa.   By the contract the goods were to be delivered in New York city, to be included in, and made a part of the building of said Lynch.   This transaction was not a violation of the provisions of sections 15 and 16 of the General Corporation Law which prohibited foreign stock corporations transacting business in this State until they comply with the provisions of said sections.   Nonresidence is not a bar to the right to file a lien under the Mechanic's Lien Law of this State, where the material is actually delivered in this State, and used in the construction of the building against which the lien is filed.   Campbell v. Coon, 149 N. Y. 556.   The proceeding for a voluntary dissolution of a corporation is purely statutory, and the restraining power of the court is such as is given by the Code of Civil Procedure.   § 2423.   Matter of Binghamton General Electric Company, 143 N. Y. 261.

The mechanic's lien in this case was not filed against the Simonds Furnace Company, and it is not necessary on this motion to determine whether a lien could be filed against the corporation. The lien is against P. H. Lynch owner, and his property as described in the lien, only.   The filing of such a lien is not prohibited by the order.   Reading Hardware Co. v. City of New York, 27 Misc. Rep. 448.

Motion denied.