PETER CAMPBELL et al., Appellants, *v.* AMALIE COON, Impleaded, etc., Respondent.

1. MECHANICS' LIEN — MATERIALS FURNISHED AND USED WITHIN THE STATE — CONTRACT MADE WITHOUT THE STATE. The right to a lien under the Mechanics' Lien Law (Laws of 1885, chap. 342) extends to a materialman whose materials have been furnished and used in the construction of a building within this state, with the knowledge and consent of the owner, under a sub-contract calling for their delivery by the materialman at and for such building, although such contract was made without the state and between non-residents thereof, and does not provide for payment within the state.

2. ESSENTIALS OF RIGHT TO LIEN — PLACE OF PAYMENT IMMATERIAL. The operation of the Mechanics' Lien Law in favor of a materialman does not depend upon such incidents of his contract as relate to its character, or to the place of payment, but solely upon the fact that the materialman has furnished materials to a building within the state.

3. AMOUNT UNPAID ON CONTRACT — WORK COMPLETED BY OWNER. If nothing is due to the contractor, under a building contract, when a lien is filed by his sub-contractor for materials furnished and used in the building and the contractor abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien of the sub contractor attaches to the extent of the difference between the cost of completion and the amount unpaid to the contractor when the lien was filed.

4. ARCHITECT'S CERTIFICATE. When a building contract stipulates for payment by the owner, in consideration of performance by the contractor, in installments, provided that in each case an architect's certificate shall be obtained that the respective payments have been reached and that the work has been actually completed, an architect's certificate is not requisite to entitle a sub-contractor to enforce a mechanics' lien for materials furnished by him and used in the building, where the owner has completed the work, as provided by the contract, on the contractor's failure to perform.

*Birmingham Iron Foundry* v. *Glen Cove S. Mfg. Co.*, 78 N. Y. 30, distinguished; *Van Clief* v. *Van Vechten*, 130 N. Y. 571, followed.

*Campbell* v. *Coon*, 8 Misc. Rep. 234, reversed.

(Argued June 2, 1896; decided June 16, 1896.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered

upon an order made May 7, 1894, which reversed a judgment in favor of plaintiffs entered upon the report of a referee and directed the dismissal of the complaint as to the respondent.

This action was brought to foreclose a mechanics' lien. The facts, so far as material, are stated in the opinion.

*James J. Allen* for appellants. The facts found by the referee support his legal conclusion that the plaintiffs are entitled to a lien for the amount of their claim against the interest of the defendant Coon in the premises described in in the complaint, and the reversal of his judgment was error. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Foshay* v. *Robinson*, 137 N. Y. 134.) The plaintiffs furnished materials to a building within this state within the meaning of the statute, and are, therefore, entitled to a lien. (*Stevens* v. *Ogden*, 130 N. Y. 182; Laws of 1885, chap. 342; *Tipton* v. *Feitner*, 20 N. Y. 425; *Curtis* v. *D., L. & W. R. R. Co.*, 74 N. Y. 116.)

*Robert L. Harrison* and *Herbert H. Gibbs* for respondent. The plaintiffs-appellants herein cannot recover because, at the time their lien was filed, there was nothing due under the contract from the owner to the contractor, and nothing became due prior to the commencement of this action. (*Ringle* v. *Wallis I. Wks.*, 85 Hun, 279; *Van Clief* v. *Van Vechten*, 130 N. Y. 580; *Leiegne* v. *Schwarzler*, 10 Daly, 547; *Bailey* v. *Johnson*, 1 Daly, 67.) The appellants-plaintiffs, as sub-contractors, are subrogated to the rights of the contractor, nothing more and nothing less, and these rights are to be determined by its contract. (*Herbert* v. *Herbert*, 57 How. Pr. 333; *Schneider* v. *Hobein*, 41 How. Pr. 232; *Hofgesang* v. *Meyer*, 2 Abb [N. C.] 111; *Cheney* v. *Troy H. Assn.*, 65 N. Y. 282; *McMillan* v. *S. L. G. & W. Co.*, 5 Hun, 12; *Crane* v. *Genin*, 60 N. Y. 127; *Gibson* v. *Lenane*, 94 N. Y. 183; *Sullivan* v. *Brewster*, 1 E. D. Smith, 684.) The contractor and these appellants-plaintiffs, claiming under it by subrogation, were not entitled to recover without the production of the architect's certifi-

cate or proof that it was unreasonably withheld. (*Beecher* v. *Schuback*, 53 N. Y. S. R. 74; *Smith* v. *Brady*, 17 N. Y. 175; *Nolan* v. *Whitney*, 88 N. Y. 650; *B. Nat. Bank* v. *Mayor, etc.*, 63 N. Y. 336; *S. F. P. C. & A. Co.* v. *Arnott*, 86 Hun, 182.) The contract of plaintiffs-appellants, as sub-contractors, was made outside of this state, and was performed outside of this state, and was between non-resident plaintiffs and a foreign corporation, and no lien attaches under the statute. (*B. I. Foundry* v. *G. C. S. Mfg. Co.*, 78 N. Y. 30.) The lien itself is insufficient, defective and invalid. (Laws of 1885, chap. 342; *Ross* v. *Simon*, 9 N. Y. Supp. 536; *Conklin* v. *Wood*, 3 E. D. Smith, 662.)

GRAY, J. The learned judges of the General Term below have reversed the judgment recovered by these plaintiffs in their action for the foreclosure of a mechanic's lien and have ordered a dismissal of the complaint, upon the ground, as we find in the opinion, that "the right to a lien pursuant to the provisions of the Mechanics' Lien Law (Chap. 342, Laws of 1885), does not extend to contracts made and to be performed out of this state." I think that their conclusion was erroneous and that a consideration of the case fails to disclose any ground for the reversal of the plaintiff's judgment. It appears from this record, following the findings of facts, that the defendant, Amalie Coon, contracted with the Vanderbeck Iron Work Company, a corporation created by the laws of the state of New Jersey, to furnish and erect the iron work in a certain building she was about constructing in the city of New York. That company then made a contract with the plaintiffs, who were also residents of the state of New Jersey, by which the latter agreed to make certain iron lintels and iron separators, at an agreed price and in accordance with the contract between the company and Mrs. Coon, and to deliver the same to the Iron Work Company "at and for the building" in question. The plaintiffs performed their agreement, and the materials called for in their agreement were delivered to the Iron Work Company "at the city of Hoboken in the state of New Jersey

and at No. 368 Greenwich street in the city of New York,"
(that being the place where the building was being erected).
and all of them "were actually used in the construction of
the building with the knowledge and consent" of Mrs. Coon.
It is perfectly clear, therefore, in the first place, that under
their contract the plaintiffs were required to deliver the mate-
rials, which they had agreed to furnish to the Iron Work
Company, "at and for the building in the city of New York,' ·
and, in the second place, that those materials were actually
used in its construction, and is there any satisfactory reason
for denying to them the protection of the statute because the
contract or agreement was one made without the state and
between non-residents of the state? I see no reason for so
narrowly construing the provisions of the Mechanics' Lien
Law. By its terms "any person" may have a lien, who shall
have furnished any materials, which have been used in the
erection of any building within any of the cities or counties of ·
this state. Undoubtedly, the statute has no extra-territorial
force and was intended for the protection of those furnishing
materials within this state; as it was held by this court in the
case of *The Birmingham Iron Foundry* v. *The Glen Cove
Starch Manufacturing Company* (78 N. Y. 30), a case cited,
and relied upon, in the opinion of the General Term. The
facts, however, in that case were quite other than those before ·
us. There, the defendant, a New York corporation, ordered
the construction of a steam engine by the Woodruff Company.
a Connecticut corporation, and the bed plate for the engine
the Woodruff Company ordered of the plaintiff, also a Connect-
icut corporation. Under the contract between the defendant
and the Woodruff Company, the engine was to be delivered to
the defendant at Hartford, in the state of Connecticut, and the
bed plate for the engine, under the sub-contract with the plain-
tiff, was also to be delivered at that city. The delivery of the
engine, complete, was in fact made to the defendant at Hartford
and the defendant brought it into this state and to its factory.
Under these circumstances, it was very properly decided,
inasmuch as when the engine was brought into this state it

belonged to the defendant; that the plaintiff "furnished no materials in this state," and, therefore, could not claim the benefit of the statute. In this case the fact was, and such was the finding by the referee, that under the plaintiffs' agreement they were to deliver the materials at and for the building in New York city, which the defendant was to put up, and they performed their agreement in that respect and their materials were actually used in its construction.

In the opinion of the General Term, stress is laid upon the fact that no place of payment was specified and it was reasoned that because the state, wherein the contract was made and the contracting parties resided, was in legal contemplation the place for payment, no right could be deemed to exist under the statute entitling the plaintiffs to a lien upon the building for their security. That proposition again assumes for the statute a purpose which, in our judgment, is not conveyed by its language. The operation of the Mechanics' Lien Law does not depend upon such incidents of the contract with the materialman as relate to its character, or to the place of payment; but solely upon the fact that the materialman has performed labor upon, or furnished materials to, any building within the state. The very case to which the General Term opinion refers, and which we have cited above, rested, in its decision, upon the fact that the plaintiff had really furnished no materials in this state. The language of this act is very broad and we perceive no limitation in its language, nor any good reason for reading one into it, by which the mechanic is required to be a resident of the state and to make his contract here. The materials must have been furnished and used in the erection of a building within a city or county of this state and, when that is the case, the right of the materialman to a lien follows, if the provisions of the statute are otherwise complied with.

The respondent, however, further argues that the plaintiffs could not recover; because, at the time their notice of lien was filed, there was nothing due under the contract from Mrs. Coon to the contractor, the Iron Work Company, and nothing

became due prior to the commencement of this action. With respect to that point, the case shows that under the contract between Mrs. Coon and the Iron Work Company, if the contractor, during the progress of the work, refused or neglected to supply a sufficiency of materials or workmen, she had the power to provide them, after three days' notice in writing being given, and to finish the work herself; deducting the expense from the amount of the contract. Mrs. Coon, after making a first payment of $1,000 under the contract, had occasion to enforce this provision and did proceed to complete the iron work of her building, herself. At the time when she assumed to complete this work, the plaintiffs had already performed their agreement and had furnished the materials called for by it, and their notice of lien had been filed. While it is true that, at that time, nothing was due from Mrs. Coon to her contractor; nevertheless, when she had completed the work called for by the contract between them, there remained a balance of $654.00, after deducting from the contract price of $3,250 the cost of completing the work (a sum of $1,596) and the $1,000 previously paid to the contractor. To that balance in Mrs. Coon's hands on account of the contract, the plaintiffs' lien attached. In *Van Clief* v. *Van Vechten* (130 N. Y. 571), although there was nothing due upon the contract there depended upon, when the lien was filed, the judgment, which the plaintiffs as sub-contractors had recovered, was upheld, upon the principle, as stated in the opinion, that "if nothing is due to the contractor pursuant to the contract when the lien is filed and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed." The authority of that case is direct.

The further point taken by the respondent, with respect to the absence of the architect's certificate, is clearly untenable. We need only say of it that this provision of the con-

tract* had its application only under the condition that the contractor was performing his contract. Its purpose was to furnish the owner of the building with authentic evidence that the work certified had been performed. (*Weeks* v. *O'Brien*, 141 N. Y. 199.) In this case, as the owner completed the work, n‹ architect's certificate was called for.

The order and judgment appealed from should be reversed and the judgment entered upon the report of the referee should be affirmed, with costs to the appellants at the General Term and in this court.

All concur.

Ordered accordingly.

---

*The provision of the contract referred to is as follows :

" And the said party of the first part, does hereby for herself, her heirs, executors and administrators, covenant, promise and agree to and with the said party of the second part, its successors and assigns, that she, the said party of the first part, her executors or administrators, shall .and will, in consideration of the covenants and agreements being strictly performed and kept by the said party of the second part, as specified, well and truly pay, or cause to be paid unto the said party of the second part, its successors or assigns, the sum of thirty-two hundred and fifty ($3,250) dollars, lawful money of the United States of America, in manner following:

$1,000 when all work has been completed up to and roof beams laid.
₁ 1,500 when all work hereunder contracted has been completed.
    750 within thirty days after fully completing the entire work here-
    ────── under contracted for.
$3,250

"Provided, that in each of the said cases, a certificate shall be obtained and signed by the said [architect] that the respective payments have been ·reached and that the work has been actually completed."