(33 Misc. Rep. 361.)

NEW JERSEY STEEL & IRON CO. v. ROBINSON et al.

(Supreme Court, Special Term, New York County. December, 1900.)

1. MECHANICS' LIENS—PERSONAL JUDGMENT—CAUSES OF ACTION—JOINDER.
    Code Civ. Proc. §§ 3399, 3401, 3402, authorize an action for enforcement of mechanics' liens the same as for foreclosure of mortgages, and state who are necessary parties. Section 3412 provides that, if the lienor fails to establish his lien, he may recover judgment for the amount due against any party to the action. Section 1627 declares that any person liable for a mortgage debt may be made defendant. *Held*, that the fact that in enforcing his lien a lienor sought to recover personal judgments against different defendants supposed to be liable for the debt secured by the mechanic's lien was not in contravention of Code Civ. Proc. § 484, in that it constituted a joinder of actions not permitted by that section.

2. DEFENSE—ENTIRETY—DEMURRER.
    For the purpose of determining its sufficiency, a defense is to be construed in its entirety, and hence demurrer will not lie to separate parts thereof.

3. MECHANICS' LIENS—WORK UNFINISHED.
    Lien Law, §§ 3, 4, provide that a contractor shall have a lien for the agreed price of labor and materials on real property improved, and that his lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien and any sum subsequently earned thereon. *Held*, that a mechanic's lien would attach against the owner where plaintiff subcontractor had performed his work, and the sum greater than the value thereof had already been earned by the general contractor, and was unpaid, though his work was still unfinished.

Action by the New Jersey Steel & Iron Company against Andrew J. Robinson and others to foreclose a mechanic's lien. Demurrer to the complaint by defendant Kinney and two demurrers by plaintiff to different defenses set up in defendant's answers. Demurrer to complaint overruled. Plaintiff's first demurrer overruled, its second sustained.

Parsons, Shepard & Ogden, for plaintiff.
Edward S. Clinch, for defendant Robinson.
Bowers & Sands, for defendant Kinney.
Edgar Whitlock, for defendants Barr, Thaw, and Fraser.

LAWRENCE, J.   There are three demurrers in this case,—one interposed by the defendant Kinney to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; and another by the plaintiff to the defense set up in the tenth paragraph of the amended answer of the defendant Robinson, wherein he alleges that on the 7th day of March, 1900, he executed and delivered to the defendant Charles N. Talbot an instrument in writing, whereby he sold, assigned, and transferred, etc., unto said Talbot, all his goods, chattels, etc., of every description belonging to him, wheresoever the same might be, except such property as is exempted by law from levy and sale under execution, but including all moneys due and payable by the defendant Kinney to this defendant, and all claims and demands arising out of or connected with the contract or agreement between him and Kinney set forth in the complaint, in trust for the benefit of creditors of said defendant Robinson, which trust was accepted by said Talbot, and is still in full force and effect.   There is a third demurrer by the plaintiff to the further and separate defense set forth in article 4 of the answer of the defendants Barr, Thaw, and Fraser.   This defense sets up, in substance, that on the termination of the employment of the defendant Robinson by the defendant Kinney, Kinney proceeded to complete the construction of the building under the terms of the contract; that at the time of the commencement of this action the said defendant Kinney was, and still is, engaged in the work upon the said building, and has not yet completed said work and finished said building, and that for that reason the architects have not yet audited and certified, and cannot yet audit and certify, the expense incurred by the said defendant Kinney for furnishing materials or for finishing the work; and that it is not yet known that there will be any sum, or, if any sum, what sum, to which the lien of the plaintiff or the liens of any of the defendants filed against said premises and against said defendant Kinney as owner and the said defendant Robinson as contractor may attach, for which sum said lien could be and can be legally enforced against said premises and said Kinney as owner thereof.   On the contrary, these defendants allege, on information and belief, the fact to be that at the time of the termination by said defendant Kinney of the employment of the defendant Robinson, as in the complaint alleged, no architect's certificate, as required by said agreement, had been issued or applied for by the defendant Robinson for any sum whatever, and, if such certificate had been issued, it would have been for the sum of only about $54,000; and that, until such certificate was issued, no sum whatever was due or payable to said defendant Robinson under said agreement, nor was he entitled to receive any sum whatever therein. These demurrers will be considered in the order in which they are stated.

The action is brought to foreclose a mechanic's lien upon property owned by the defendant Kinney for work performed and materials

furnished to it by the plaintiff under a contract between the plaintiff and the defendant Robinson as general contractor. It is alleged in the complaint that the plaintiff has completely performed the contract with Robinson, and that the sum of $36,315.66 of the agreed price is still due to him. The relief demanded is that the plaintiff may be adjudged to have a valid lien upon the property for this amount, and that it have a personal judgment against Robinson for any deficiency, and for the whole sum due in case a valid lien upon the property is not established. As to the first demurrer, I am of the opinion that there is but one cause of action stated in the complaint, and I agree with the counsel for the plaintiff that the fact that, as an incident to the relief sought by this action, to wit, the foreclosure of the mechanics' liens, the plaintiff has asked also for a personal judgment against different parties supposed to be liable to it for the debt secured by the mechanic's lien, or different parts of it, does not convert what would otherwise have been a single cause of action into a double one. This proceeding is authorized by sections 3399, 3401, 3402, 3412, and 1627 of the Code of Civil Procedure; and if, apart from those sections, the complaint would be amenable to the criticism that under the last subdivision of section 484, Id., the cause of action does not affect all the parties to the action, it must be remembered that that section excepts those cases which are otherwise prescribed by law. If, therefore, there is any conflict between the sections of the Code of Civil Procedure relating to the foreclosure of mechanics' liens and section 484, the former must be deemed to be excepted from the provisions of section 484, and a demurrer cannot be interposed to a complaint on the ground that the cause of action does not affect all the parties to the action. Nor can it be said that a cause of action for damages against the defendant Kinney has been improperly joined with an action for the foreclosure of a mechanic's lien against the defendant Robinson and the other defendants as lienors, nor that the action has been prematurely brought. This demurrer will, therefore, be overruled, with costs. See Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410.

As to the demurrer interposed by the plaintiff to the tenth paragraph of the answer of the defendant Robinson, it is sufficient to say that the facts therein stated are not pleaded as a separate defense, nor am I prepared to hold that such facts may not constitute a partial or equitable defense to the plaintiff's cause of action. A demurrer will not lie to separate parts of a defense, and for the purpose of determining its sufficiency a defense is to be construed in its entirety. See Kager v. Brenneman, 33 App. Div. 452, 54 N. Y. Supp. 94. I am, therefore, of the opinion that this demurrer should be overruled, with costs.

As to the third demurrer, I am of the opinion that the plaintiff is entitled to judgment thereon. No architect's certificate is required in this case, for the reason that the contractor did not complete or finish the work. See Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410. Neither does the allegation that Kinney had not at the time of the commencement of this action finished the building, and that it is

still uncertain what, if any, difference there will be between such cost of completion and the unpaid portion of the total contract price remaining unpaid at the time of the filing of the mechanics' liens of the plaintiff and of the defendants, present a defense to the action. It will be observed by referring to the complaint that the allegation therein contained is that a sum greater than the entire amount due to the plaintiff had been earned and was unpaid on the said contract between the defendant Kinney and the defendant Robinson at the time of the filing of plaintiff's said notice of lien, and that a still greater sum has been subsequently, and hereafter will be, earned thereon. Under the lien law it is provided that the contractor shall have a lien for the principal and interest of the value of the agreed price of such labor or materials upon the real property improved (section 3), and that his lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of the filing of the notice of lien and any sum subsequently earned thereon (section 4). It is also alleged that the contract price in this case was $317,310, and under the provisions of the lien law I am of the opinion that the plaintiff's lien attached to whatever part of that sum should remain after deducting the payments made by Kinney to Robinson before March 9, 1898, and the costs of completing Robinson's unfinished work. See Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410. The fact, therefore, that the defendant had not finished the building at the time this action was commenced is no defense to it. See Campbell v. Coon, supra; Ringle v. Iron Works, 85 Hun, 279, 32 N. Y. Supp. 1011, affirmed in 155 N. Y. 675, 49 N. E. 1103. In that case Van Brunt, P. J., says:

"The court held that, as there was something due on this contract at the time the action was begun, and that as it was for the foreclosure of a mechanic's lien, assimilating in practice to the foreclosure of a mortgage, judgment would go for the entire amount due at the time of the trial.. The first error into which the learned counsel for the appellant seems to have fallen is in not recognizing the fact that a mechanic's lien can be filed under a contract for work to be done or materials to be furnished. Upon an examination of the mechanic's lien law (chapter 342, Laws 1885), it will be seen that the statute expressly authorized a lien to be filed in anticipation of work to be done or materials to be furnished. It further expressly provides that an action must be commenced to foreclose the lien within a certain period after the lien has been filed, and, if a party has been unable to complete his contract within that time, he might lose the benefit of his lien if he could not commence an action and recover for that which was subsequently to become due. * * * The learned court was entirely right in holding that the plaintiffs in this action were entitled to foreclosure therein if anything was due at the time of the commencement of the action, and recover all that had become due up to the time of the trial."

It will be observed that the complaint alleges in this case that since the filing of the plaintiff's lien a sum greater than this amount has been earned, and was unpaid on the said contract between the defendant Kinney and the defendant Robinson; that the plaintiff at the time of the commencement of the action had completely performed its contract. I am of the opinion, therefore, that this demurrer should be sustained, with leave to the defendants to amend upon payment of costs, if so advised. Draw decision and interlocutory judgment in accordance with these views, and settle on notice.

Judgment accordingly.