that action was completed, and this agreement in no way involved the question of public policy. For this reason we think the conclusion of the learned court below was erroneous. Judgment reversed, and new trial ordered, with costs to abide event.

HEKTOGRAPH MFG. CO., Appellant, v. KNUBEL, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by the Hektograph Manufacturing Company against Herman Knubel. Samuel H. Randall (John Delahunty, of counsel), for appellant. Paskusz & Cohen (Martin Paskusz & William S. Gordon, of counsel), for respondent.

PER CURIAM. The action was brought on two promissory notes. The answer pleaded the statute of limitations and that the notes were given for the accommodation of plaintiff without consideration. Upon the trial the defendant gave evidence tending to show payment of the notes. Such evidence was inadmissible under the issues raised by the pleadings, but the record contains no objection and exception raising the question of inadmissibility. Both parties seem to have agreed by tacit consent to try that issue. There were also portions of the charge which were outside of the issues, but no exception was taken, and no appropriate request to charge made. The few exceptions which were taken by the appellant raise no question requiring the reversal of the judgment. Judgment (68 N. Y. Supp. 1139) affirmed, with costs.

HELMER, Respondent, v. MOREY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Albert E. Helmer, as administrator, etc., against Newell Morey and another, as administrators. No opinion. Judgment affirmed, with costs.

HERMAN, Respondent, v. LECY et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by William Herman against Samuel Lecy and others. Levy & Unger, for appellants. E. A. Klein, for respondent.

PER CURIAM. The plaintiff's claim was for $79.13, under an alleged agreement for 5 per cent. commissions upon a sale of merchandise under an alleged employment by the defendants. The plaintiff, if his testimony was believed in the court below, was entitled to a judgment for his whole claim. If the defendants' contention was credited, they were entitled to judgment. The learned justice awarded judgment for plaintiff in the sum of $26.07. This award is in no way supported by the proofs. An arbitrary decision cannot be upheld on appeal, because there is no evidence to support it and it is wholly without the principle of secundum allegata et probata. Judgment reversed, and new trial ordered, with costs to abide event.

HERNANDEZ, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (City Court of New York, General Term. May, 1901.) Action by Charles Hernandez against the Metropolitan Street Railway Company. Henry A. Robinson (John T. Little, Ed. D. O'Brien, of counsel), for appellant. Weeks, Battle & Marshall, for respondent.

HASCALL, J. It seems to us that the respondent was clearly guilty of contributory negligence, as disclosed by the testimony introduced on his part; that, standing as he did when hit by the appellant's car was almost an invitation to accident, and that the verdict, being clearly against the weight of evidence, should have been set aside. Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event.

CONLAN, J., concurs.

O'DWYER, J. I dissent. The case was one properly for the jury, and their verdict is sustained by a fair preponderance of the evidence, and should be affirmed, with costs.

HINES, Respondent, v. COSTELLO, Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) Action by Mark Hines against Patrick Costello. No opinion. Judgment and order unanimously affirmed, with costs.

HOCHMAN v. HAUPTMAN. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Abraham Hochman against Hyman Hauptman. No opinion. Motion denied, on payment of $10 costs, and, upon payment of $10 additional, leave given to apply to court below to open default.

HOLL v. LONG et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by John Holl against William S. Long and others. No opinion. Motion denied, on payment of $10 costs, and, on payment of an additional $10, leave given to apply to court below to open default. See 68 N. Y. Supp. 522.

HOLLAND TRUST CO. v. THOMSON-HOUSTON ELECTRIC CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by the Holland Trust Company against the Thomson-Houston Electric Company. No opinion. Motion granted. Questions to be certified to be presented on settlement of order.

HOLMES, Respondent, v. FEIST, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Anna Holmes against Simon Feist. Howe & Hummel (Nathaniel Cohen, of counsel), for appellant. J. M. Lathrop, for respondent. No opinion. Judgment (68 N. Y. Supp. 622) affirmed, with costs.

In re HONNECKER. (Supreme Court, Appellate Division, Second Department. October 21, 1901.) In the matter of the application of George A. Honnecker for admission to practice as an attorney and counselor at law. No opinion. Application granted.