JOHN B. HICKS, Respondent, v. MONARCH CYCLE MANU-FACTURING COMPANY, Appellant.

1. EVIDENCE — ACTION TO RECOVER ALLEGED AGREED VALUE OF LOST PROPERTY — WHEN EVIDENCE OF EXPERT ADMISSIBLE TO SHOW THAT SUCH VALUE WAS EXCESSIVE. In an action to recover damages for the loss of property, consisting of a bicycle and models of a patented improvement thereto, received by defendant for examination at his risk and at an alleged agreed valuation, the testimony of an expert as to what it would cost to reproduce by hand a model, fashioned after the patents of the lost models, is admissible, since the question whether the sum demanded and claimed to have been agreed upon as the value of the lost property is to be regarded as liquidated damages, or merely as a penalty, is a question of intent to be deduced from the circumstances, and if the sum demanded is an unreasonable price for the property, evidence tending to show that fact is material upon the question of damages.

2. SAME — ERRONEOUS RULING EXCLUDING SUCH EVIDENCE. A ruling of the trial court, excluding such evidence, cannot be sustained upon the ground that it related only to the models and not to all of the articles in question and was, therefore, improper and immaterial; the defendant had the right to give the value of the different articles separately and, in that way, establish their total value.

*Hicks* v. *Monarch Cycle Mfg. Co.*, 68 App. Div. 134, reversed.

(Argued June 15, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 4, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Wendell* and *Alfred W. Kiddle* for appellant. It was manifest error to exclude the testimony of Mr. Copeland to show what it would have cost to reproduce the lost articles. (*Noyes* v. *Phillips*, 60 N. Y. 408 ; *Little* v. *Banks*, 85 N. Y. 266 ; *Scofield* v. *Tompkins*, 95 Ill. 190 ; *Ward* v. *H. R. Co.*, 125 N. Y. 230 ; *Curtis* v. *Van Bergh*, 161 N. Y. 47 ; *Gillis* v. *Hall*, 2 Brews. 342 ; 3 Parsons on Cont. [6th ed.] 156, 157 ; 1 Sedg. on Dam. [8th ed.] 596, 599.)

*E. F. Hills* and *L. A. Wray* for respondent. The measure of damages was the amount of the appraised value, $1,000. (*Hatch* v. *Attrell*, 118 N. Y. 389 ; *Curtis* v. *Van Bergh*, 161 N. Y. 51 ; *Little* v. *Banks*, 85 N. Y. 258 ; *Kemp* v. *K. I. Co.*, 69 N. Y. 45 ; *Collwell* v. *Lawrence*, 38 N. Y. 71 ; *Ward* v. *H. R. B. Co.*, 125 N. Y. 230.)

WERNER, J. In this action the plaintiff seeks to recover from the defendant $1,000.00, as damages for the failure of the defendant to return a bicycle and two models delivered to it under the following circumstances : The plaintiff was part owner of a patent upon an improved bicycle gear. During the month of February, 1898, he delivered to defendant's agents, at its salesroom in New York city, a bicycle to which was attached the patented device referred to, and also two models thereof, and left them there for the purpose of having defendant's agents examine the same with a view to inducing the defendant to adopt it upon the bicycles manufactured by it.

The plaintiff's testimony tended to show, and the jury had the right to find, that certain authorized agents of the defendant examined plaintiff's bicycle with its attachments and the accompanying models, and expressed a desire to send it to defendant's factory in Chicago for the purpose of having it there examined by experts, and that this arrangement was agreed to with the proviso that said property should be received at defendant's risk at an agreed valuation of $1,000.00. The defendant admits the receipt of the property, the ship-

ment thereof to its factory at Chicago, and its failure to return the same to the plaintiff, but denies that any valuation was ever agreed upon.

As part of the plaintiff's case he introduced in evidence a receipt signed by one Strout, an agent of the defendant, which was in the following form : " Recd. one bicycle from J. B. Hicks for examination and return. Value 1000.00." This receipt was signed by Strout individually, but was written on the back of a business card of the defendant indicating that Strout was the manager of defendant's New York sales department. Defendant's witnesses gave evidence tending to show that the statement as to value was not in the receipt when it was signed and that this statement had been written into the receipt after its delivery to the plaintiff.

The case was submitted to a jury and plaintiff had a verdict for $1,000.00. The judgment entered upon that verdict was affirmed by a divided court. As there was some evidence to support the verdict the present review must be confined to questions arising upon the rulings of the trial court in the reception and exclusion of evidence. We shall limit our discussion to a single exception which we think is fatal to the judgment appealed from.

Upon the question of damages defendant called an expert in the manufacture of bicycles, and he was asked by defendant's counsel if he could tell as an expert what it would cost to reproduce by hand a model fashioned after the patent referred to. He answered in the affirmative and was then asked what it would cost. This question was objected to by plaintiff's counsel as immaterial and incompetent, " and also upon the ground that it appears that the wheel was received and the models, on the valuation of $1000.00 by the company." The objection was sustained, and the defendant took an exception.

This evidence was clearly admissible. Whether the sum of $1,000.00, which the plaintiff claimed had been agreed upon as the value of the articles delivered by him to the defendant, was to be regarded as liquidated damages, or

8

merely as a penalty, was a question of intent to be deduced from the circumstances. If the sum named was an unreasonable price for the articles, evidence tending to show that fact would have had a very material bearing upon the question of damages. The rule is that " when the stipulated sum is disproportionate to presumable or probable damage, or to a readily ascertainable loss, the courts will treat it as a penalty and will rely on the principle that the precise sum was not the essence of the agreement, but was in the nature of security for performance." ( *Ward* v. *Hudson River Bldg. Co.*, 125 N. Y. 230; *Curtis* v. *Van Bergh*, 161 N. Y. 47; 3 Parsons on Contracts [6th ed.], 157.)

The learned Appellate Division sought to uphold this ruling upon the ground that, since the question asked related only to the models and not to all of the articles in question, it was improper and immaterial. We do not concur in that view. The defendant had the right to give the value of the different articles separately and, in that way, to establish their total value. There is nothing in the form of the excluded question to indicate that defendant's counsel did not intend to adopt this method. No specific objection was taken to the form of the question in this particular, and it is only fair to assume that if such an objection had been taken, the defendant's counsel would have changed the form of his question, although we do not think that was necessary. Considering the nature of the case, the question of damages was obviously an important one, and the erroneous ruling pointed out must have injuriously affected defendant's rights.

For the reasons stated the judgment should be reversed and a new trial granted, with costs to abide the event.

MARTIN, VANN and CULLEN, JJ., concur; PARKER, Ch. J., BARTLETT and HAIGHT, JJ., dissent.

Judgment reversed, etc.