(51 Misc. Rep. 358.)

BADER et al. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County.  August, 1906.)

1. PLEADING—ADMISSIONS—ESTOPPEL.
    In an action by a subcontractor to foreclose a lien on funds in possession of the city of New York for repairs on a schoolhouse, where the city admits the contract by its answer, it cannot afterwards object that the action should have been brought against the board of education, with whom the contract was made.

2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENT—ABANDONMENT BY CONTRACTOR.
    Where, under the provisions of a contract for the erection of a school building on abandonment of the contract by the contractor, the city takes

possession and completes the work, the contractor or subcontractor may recover from the city such balance, less the cost of completion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 905.]

CONTRACT—WAIVER OF PROVISIONS.

Where a building contract provides for a certificate of completion, such provision is waived where the owner completes the work under the contract.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIEN ON FUND.

Where a contract for the erection of a school building provides that the contractor will not permit a lien to be put on the building, a lien for such work is not a lien on the building, but a lien on the fund applicable to the payment of such public improvements.

**5.** SAME—NOTICE OF LIEN.

Where a contractor abandons a public improvement, and it is completed by the city, such work is done for the contractor, and the time within which a notice of lien on the fund must be filed runs from the time of completion.

**6.** CONTRACT—WAIVER OF PROVISIONS.

Where an owner knows of the subletting of a contract in violation of the terms of the original contract, and makes no objection, it cannot object after such subcontractor has completed his work.

**7.** MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS—DAMAGES.

Where, under a building contract with a city, the contractor is to forfeit $10 for every day's delay, which sum the city is authorized to deduct as liquidated damages, in an action by a subcontractor, after the city has completed the building of a schoolhouse, on abandonment of the contract it cannot claim any damages for delay on foreclosure of subcontractor's lien without proof of such damage.

Action by Samuel Bader and Joseph Rosseau against the city of New York and others to foreclose a mechanic's lien. Judgment for plaintiffs.

Paul M. Crandell, for plaintiffs.

John J. O'Brien, for defendant city of New York.

T. P. Ryan, for defendant Theriault.

KENEFICK, J. The action is to foreclose a mechanic's lien upon certain funds in possession of the city of New York applicable to the payment of repairs to a public school. The city contracted with defendant Theriault to make the repairs for $1,895. Theriault subcontracted with the plaintiffs to do a portion of the work for $1,240. The plaintiffs performed all the work required by their subcontract. Theriault did not perform all the work required by his contract, but abandoned the same. The city then took charge of the work and caused it to be completed by another contractor. The city paid Theriault on account $595, and subsequently paid the other contractor $528 for completing the work, thus leaving $772 unpaid on the Theirault contract. Theriault paid the plaintiffs $500 on account of the work done under the subcontract, and there remains due the plaintiffs for work performed under such subcontract the sum of $740.

The city of New York interposes many objections to the maintenance of this action.

First. It is urged that the action should have been brought against the board of education under the authority of Gunnison v. Board of

Education, 176 N. Y. 11, 68 N. E. 106.   I am inclined to think that the city cannot raise that objection in view of the pleadings.   The complaint alleges a contract between Theriault and the city of New York, and the answer admits such a contract, which would seem to preclude the city from now claiming that the contract is with the board of education.   Aside, however, from this answer to the first objection, I believe that the action is well brought against the city under the authority of Bell v. Mayor, 105 N. Y. 139, 11 N. E. 495.

Second.   It is claimed that, inasmuch as Theriault abandoned the contract, the contract thereby was forfeited, and the subcontractor cannot recover the unpaid balance.   Provision Q of the contract authorizes the board of education to take possession of the work and complete the same upon abandonment, and to make the cost and expense of completion a charge against the contractor.   And the notice served upon the contractor was to the effect that the cost and expense of completing the contract would be charged against the contractor.   Under such circumstances the contractor or subcontractor, as the case may be, may recover the balance due him, less the cost of completion.   Holl v. Long, 34 Misc. Rep. 1, 68 N. Y. Supp. 522; McKee v. Rapp  (Super.) 35 N. Y. Supp. 175; New Jersey Steel & Iron Co. v. Robinson, 74 App. Div. 485, 77 N. Y. Supp. 547; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep. 608.

Third.   It is urged that under clause W of the contract certificates of completion must be secured before the contractor becomes entitled to payment.   Such certificates are waived when the owner completes, pursuant to the contract.   Holl v. Long, supra.

Fourth.   It is urged that under clause U the contractor, and therefore the subcontractor, is precluded from making any claim until all liens are removed.   The provision is in substance that the contractor will not suffer or permit any lien "to be put or remain on the buildings or premises into or upon which any work is done or materials are furnished under this contract."   It is a sufficient answer to this objection to say that the lien filed for work done on public improvements is not a lien on the building or premises, but is a lien on the funds applicable to the payment of the work.

The fifth objection is that under section 12 of the lien law (Laws 1897, p. 520, c. 418) the notice of lien must be filed within 30 days after the completion and acceptance of the work by the municipal corporation, and that the work has never been completed by Theriault, and that the notice of lien was served more than 30 days after the time of the abandonment.   It is conceded that the work was completed by the city through the aid of another contractor, and the work as so completed was accepted by the city.   The work of completion was done at the expense of Theriault and for him, and the lien was filed before such completion, as permitted by section 12 of the lien law.

The next objection urged is that under clause Z of the contract Theriault was prohibited from assigning or subletting the contract.   I doubt whether the letting out of a porton of the work to the plaintiffs was a violation of this clause of the contract.   In any event, the only penalty provided by clause Z for such subletting was that the contract might,

101 N.Y.S.—23

at the option of the president of the board of education, be revoked and annulled.   It appears from the undisputed evidence in the case that the board of education was aware that the plaintiffs were performing their work under a subcontract with Theriault, and that the board made no objection thereto, nor did it ever assume to revoke and annul the contract on any such ground.   Therefore, this objection must fail.   The time for the completion of the contract expired October 23, 1903.   The contract was not completed until April 11, 1904, and under clause M of the contract the contractor was to forfeit and pay to the city the sum of $10 for each and every day consumed in performance beyond the time fixed in the contract, which sum the city was authorized to deduct as liquidated damages for delay from the amount due the contractor.   Assuming the city has properly pleaded the delay and consequent damage under this clause of the contract as a defense, yet it appears that the school was occupied at the beginning of the fall term as usual, and continued to be so occupied until the completion of the work, and the city incurred no actual damage by reason of the failure to complete the work within the time specified in the contract.   Under such circumstances the claim for liquidated damages as a defense to the foreclosure of this lien cannot be asserted.   McKee v. Rapp, supra.

The plaintiffs are entitled to a judgment of foreclosure of their lien and to the payment of the amount thereof, so far as the funds in the possession of the city applicable to the payment of the Theriault contract will satisfy the same, and to a judgment for any deficiency, with costs against the defendant Theriault.

Judgment accordingly.