County Wide Flooring, Corp.,

 Plaintiff,
against
Town of Huntington and WENGER CONSTRUCTION CO., INC., 
 Defendants.


607856-16

KILLORAN LAW, P.C.
Attorney for Plaintiff
132-13 Main Street
Westhampton Beach, New York 11978
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
Attorneys for Wenger Construction Co., Inc.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797


Elizabeth H. Emerson, J.

Upon the following read on this motion to dismiss; Notice of Motion and supporting papers 9-19; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers 20; Replying Affidavits and supporting papers 23; it is,
ORDERED that this motion by the defendant Wenger Construction Co., Inc., for an order dismissing the complaint insofar as asserted against it is denied; and it is further
ORDERED that the parties are directed to appear for a preliminary conference, which shall be held on September 20, 2017 at 9:45 a.m., Supreme Court, Courtroom 7, Arthur M. Cromarty Criminal Court Building, 210 Center Drive, Riverhead, New York 11901.

The plaintiff entered into a subcontract with the defendant Wenger Construction Co., Inc. ("Wenger") to install flooring and perform related work in connection with the expansion of an ice rink in Dix Hills Park in the Town of Huntington (the "Town"). The plaintiff alleges that Wenger and the Town owe it $147,930.87 in connection with the work that it performed. The plaintiff filed a mechanic's lien against the project on December 30, 2011, which it renewed on December 7, 2012. On March 7, 2014, the plaintiff commenced an action against Wenger, the Town, and Hanover Insurance Co. ("Hanover"), which issued a payment bond for the project (Index No. 4943-14). By an order of this court dated October 8, 2015, that action was dismissed as time-barred insofar as asserted against Wenger and Hanover. By a subsequent order of this court dated March 17, 2016, the plaintiff's motion for reargument was denied.[FN1]

The plaintiff filed a new mechanic's lien against the project on December 2, 2015, and commenced this action against Wenger and the Town to foreclose on that lien. Wenger moves to dismiss the complaint on the grounds that it is barred by the doctrines of res judicata and collateral estoppel and that the new lien is untimely.[FN2]
 In opposition, the plaintiff contends that the prior action alleged causes of action for breach of contract and unjust enrichment, but not for foreclosure of a mechanic's lien. The plaintiff also contends that Lien Law § 12 allows for the filing of a mechanic's lien any time prior to, or within 30 days after, the completion or acceptance of a public improvement. The plaintiff contends that, to date, the project has not been completed or accepted by the Town. In reply, Wenger contends that its last day on the project was October 20, 2011, and that the Town issued a formal termination letter on May 2, 2012.
Lien Law § 12 provides, in pertinent part, that a notice of lien on public improvements [*2]can be filed "[A]t any time before the construction...is completed and accepted by the state or by the public corporation, and within thirty days after such completion and acceptance...." There is nothing in § 12 of the Lien Law which provides that successive liens may not be filed for the same work as long as the second lien is filed within the statutory period (Matter of T. A. Maloney Contracting Corp., 85 Misc 2d 838, 839; see also, Matter of O'Neill, 182 Misc 838, 839 [the Lien Law being permissive, a lienor may file as many liens as he desires until the expiration of the statutory period]). Thus, the plaintiff may file more than one lien against the same project, and the failure to prosecute one lien does not preclude, on the basis of res judicata, the prosecution of a second lien (EFCO Corp. v U.W. Marx, Inc., 124 F3d 394, 399 [2nd Cir]). A party may file a second lien for a variety of reasons: (1) to cure an irregularity in the first lien, (2) to reassert a lien when the prior one has been lost by delay in its enforcement, and (3) to account for work done by the lienor since the first lien was filed (Id.). Here, the plaintiff filed a second lien because the first one was lost by delay in its enforcement. The plaintiff failed to commence an action to foreclose the first lien within a year of filing the notice of such lien (see, Lien Law § 18).
The right to file a lien under contracts for public improvements does not expire until 30 days after the improvement is "completed and accepted" by the state or public corporation (Lien Law § 12; Berger Mfg. Co. v City of New York, 206 NY 24, 32-33). This is to be viewed in the context of the contractual provisions between the contractor and the public corporation relating to completion and acceptance of the work (Matter of Schenectady Mun. Hous. Auth. v Keystone Metals Corp., 245 AD2d 725, 727). Both requirements need to be satisfied before the 30-day time period starts running (Id.). If requirements regarding formalities of acceptance are specified in the contract, such as the filing of final certificates of acceptance, they must be followed, and a subcontractor may rely on them in deciding when to file a notice of lien (Id.).
Wenger contends that its last day on the project was October 20, 2011, and that the Town issued a formal termination letter on May 2, 2012. Thus, the current lien, which was filed on December 2, 2015, is untimely. However, the termination letter reveals that the Town "cancelled and terminated" its contract with Wenger "due to the occurrence of one or more of the events set forth in Section 13 of the Contract." What those events were cannot be determined on the record presently before the court. If the contract was terminated due to poor workmanship and the Town hired another contractor to complete the project after Wenger's discharge, the 30-day period would not begin to run until completion of the work by the Town (see, Rure Assocs., Inc. v DiNardi Const. Corp., 917 F2d 1332, 1336-1337 [2nd Cir], citing Bader v City of New York, 51 Misc 358). Moreover, in the absence of the contract between the Town and Wenger, it cannot be determined whether the specific contractual provisions relating to completion and acceptance of the work were satisfied. Taking possession of a building and assuming its operation and maintenance before a final certificate is issued is not automatically determinative of whether acceptance has taken place (Matter of Schenectady Mun. Hous. Auth. v Keystone Metals Corp., supra at 727-728). Accordingly, the motion is denied.
DATED: July 26, 2017
J.S.C.



Footnotes

Footnote 1:The Town's motion for summary judgment dismissing the 2014 action insofar as asserted against it is granted simultaneously herewith.

Footnote 2:The Town, which answered the complaint, did not make a motion to dismiss this action. The court will, therefore, disregard the affirmation by plaintiff's counsel in opposition to the Town's purported motion to dismiss.